IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCELINO BRITO OCHOA, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. 3:08-CV-0075-P (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| TDCJ-CID, *et al.*, ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is currently incarcerated in the Texas prison system. Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 and a memorandum in support. He named the following Respondents: Nathaniel Quarterman, Director of TDCJ-CID; Michael Mukasey, U.S. Attorney General; and the Bureau of Immigration and Customs Enforcement.

According to Petitioner, he is in custody pursuant to three judgments and sentences out of the 3rd District Court of Dallas County, Texas, entered on March 30, 2006. Although Petitioner filed his habeas petition utilizing a § 2254 form used by state prisoners challenging their convictions, he is not challenging his conviction. Instead, Petitioner challenges the legality of an

order of removal issued by the Bureau of Immigration and Customs Enforcement (ICE).[1]

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). Federal courts are required to dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Fed. R. Civ. P. 12(h)(3).

This court is without jurisdiction to consider Petitioner's challenge to the deportation order. *See* REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat. 231; *Hernandez-Castillo v. Moore*, 436 F.3d 516, 518 (5th Cir. 2006) (REAL ID Act expressly divests district court of jurisdiction to review removal orders); *Rosales v. Bureau of Immigration & Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005) (the appellate court is the exclusive forum for challenging removal orders); *Andrade v. Gonzales*, 459 F.3d 538, 542 (5th Cir. 2006) ("The REAL ID Act divests the district courts of jurisdiction over the habeas petitions of aliens" challenging their orders of removal).

Although the REAL ID Act provides that a habeas petition challenging an order of

---

[1] Because the Court finds that this court lacks jurisdiction to consider Petitioner's challenge to the order of removal, the Court need not consider the statutory construction of his habeas petition.

removal may be transferred to the appropriate court of appeals, transfer is limited to petitions that were pending in the district court or on appeal on the date the Act was enacted. *See Rosales*, 426 F.3d at 736. Because Petitioner filed his habeas petition after the effective date of the Act, his petition should be dismissed for lack of jurisdiction rather than transferred.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice for lack of jurisdiction.

**SIGNED this 17th day of June, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE